**Vilasid PHICHITH, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 16-71925

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

Bart Klein, Law Offices of Bart Klein, Seattle, WA, for Petitioner

Margaret Anne O'Donnell, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Depart-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ment of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Vilasid Phichith, a native and citizen of Laos, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Phichith's request for an additional continuance where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (factors considered in determining whether the denial of a continuance constitutes an abuse of discretion include the nature of the evidence excluded and the number of continuances previously granted).

Phichith cites no authority to support his contention that the BIA erred in dismissing his appeal from an IJ's denial of a continuance prior to resolving his motion to reconsider the denial of his visa petition. *Cf. Matter of Aurelio*, 19 I. & N. Dec. 458, 460 (BIA 1987) ("The proceedings in which visa petitions are adjudicated are separate

and apart from exclusion and deportation proceedings.").

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

